-PS/CD-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD C. BRINK, 03B1215,

        Petitioner,

        -v-

JAMES T. CONWAY,

        Respondent.

DECISION AND ORDER
07-CV-6032Fe

---

Before the Court is petitioner's *pro se* motion (Docket No. 4) to dismiss his unexhausted claims and stay his petition in order to permit him to return to state court to exhaust his remedies regarding certain claims which are presently unexhausted.

Because the petition at issue herein is a mixed habeas petition containing both exhausted and unexhausted claims, the Court may not grant it. 28 U.S.C. § 2254(b)(2). However, if the Court were to dismiss the entire petition without prejudice to petitioner's refiling it after he has exhausted all of his claims, he may find himself barred by the applicable statute of limitations. 28 U.S.C. § 2244(d)(1). For these reasons, the Court will dismiss petitioner's unexhausted claims and stay the exhausted claims. See Zarvela v. Artuz, 254 F.3d 374 (2d Cir.), *cert. denied sub. nom.* Fischer v. Zarvela, 534 U.S. 1015, 122 S.Ct. 506, 151 L.Ed.2d 415 (2001), which held that a court presented with a mixed petition may exercise its discretion "either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition" subject to certain time limitations. Zarvela, 254 F.3d at 381. The exercise of such discretion is appropriate, the Zarvela Court held, "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'"

*Id.*, at 380 (quoting Freeman v. Page, 208 F.3d 572, 577 (7th Cir. 2000)). Subsequent to the Zarvela decision, the Supreme Court held in Duncan v. Walker, 531 U.S. 991, 121 S.Ct. 2120, 150 L. Ed.2d 251 (2001), that the pendency of a federal habeas corpus proceeding does not toll the one-year statute of limitations imposed on state prisoners' habeas corpus proceedings by 28 U.S.C. § 2244(d). The Supreme Court's limitation of the statute's tolling provision to state proceedings counsels in favor of an approach protective of petitioner's access to federal court.

Accordingly, this Court will exercise its discretion to stay proceedings with respect to petitioner's exhausted claims, and to dismiss without prejudice his unexhausted claims. If petitioner presents the unexhausted claims to the appropriate state courts and returns to this Court within the time limits set forth below, he will be permitted to amend his petition to reinstate the claims and such amendment will relate back to the date of the original petition. *See* Zarvela, 254 F.3d at 381-382.

This stay is conditioned on petitioner's initiation of efforts to exhaust his unexhausted claims within 30 days, and his return to the district court within 30 days of the completion of the effort to exhaust. If either condition of the stay is not met, this stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed if it is not still timely. *See id.* Accordingly,

IT HEREBY IS ORDERED, that to the extent petitioner's claims in his petition are unexhausted, the claims are dismissed without prejudice subject to the condition that petitioner initiate efforts to exhaust these claims within 30 days of the filing of this order and that petitioner return to this Court within 30 days of the completion of the effort to exhaust;

FURTHER, that this petition is stayed pending petitioner's exhaustion of the dismissed claims.

SO ORDERED.

Dated:     FEB. 13      , 2007
           Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge